IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROY TROGDON                                                                                              PLAINTIFF

v.                              Civil No. 3:15-cv-3043-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Roy Trogdon ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) terminating his disability insurance benefits ("DIB"). (ECF No. 1) On January 27, 2016, the Plaintiff filed a Motion to Supplement the Record or Remand for the Appeals Council to Supplement the Record. (ECF No. 11) This matter is presently before the undersigned by consent of the parties and is ripe for decision. (ECF No. 4)

In his Motion, the Plaintiff contends the record currently before this Court does not contain additional medical evidence submitted to and considered by the Appeals Council.[1] (ECF No. 11) He asserts this evidence is both new and material because it contradicts the ALJ's finding of medical improvement due to a healed left distal femoral fracture. The purported new evidence establishes that the fracture had not healed and necessitated surgery in September 2014. (ECF No.

---

[1] The Notice of Appeals Council Action specifically states that the Council reviewed additional medical evidence dated July 2014 through November 2014. (Tr. 2) However, they ultimately denied the Plaintiff's request for review, concluding the new evidence was "about a later time." (Tr. 1)

11) Unfortunately, the surgery was unsuccessful, resulting in continued non-union of the fracture. (ECF No. 11)

On February 5, 2016, the Commissioner filed a Response in opposition to the Plaintiff's Motion, claiming the evidence submitted to the Appeals Council is not material. (ECF No. 13) Because the additional evidence is dated six to nine months after the ALJ's decision, the Commissioner avers the additional evidence is not relevant to the time period at issue.

When, as in this case, the Appeals Council denies review of an ALJ's decision after reviewing new evidence, "we do not evaluate the Appeals Council's decision to deny review, but rather we determine whether the record as a whole, including the new evidence, supports the ALJ's determination." *McDade v. Astrue*, 720 F.3d 994, 1000 (8th Cir. 2013) (citing *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000)). However, because the record does not contain the additional evidence, we are unable to determine whether the evidence supports the ALJ's determination. Therefore, it is impossible for the court to determine if substantial evidence supports the Commissioner's decision. 42 U.S.C. § 405(g). Until the entire record is gathered and filed, the court does not have the ability to enter a proper judgment on the merits of this case.

The undersigned declines to remand this matter for several reasons. Section 405(g), which governs judicial review of final decisions made by the Commissioner, authorizes only two types of remands: (1) those made pursuant to sentence four, and (2) those made pursuant to sentence six. *See Melkonyan v. Sullivan,* 501 U.S. 89, 98-99 (1991); *Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000). Sentence four authorizes the court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A sentence four remand is therefore proper whenever the district court makes a

substantive ruling regarding the correctness of a decision of the Commissioner and remands the case in accordance with such a ruling. *See Melkonyan,* 501 U.S. at 98.

Sentence six authorizes remand in only two situations: (1) where the Commissioner requests a remand before answering the complaint of a claimant seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings. *See* 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 297 n. 2 (1993); *Buckner*, 213 F.3d at 1010. The first of these situations distinguishes a sentence six remand from a sentence four remand based on timing, while the second does so based on substance. *See Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990) (noting that sentence six authorizes an "entirely different kind of remand" than sentence four). Thus, a remand pursuant to the second part of sentence six concerns only new and material evidence and "does not rule in any way as to the correctness of the administrative proceeding," as does a sentence four remand. M*elkonyan,* 501 U.S. at 98*; see Finkelstein,* 496 U.S. at 626.

> The statute provides, in its pertinent part:
>
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. §405(g). Accordingly, a remand pursuant to sentence four, without direction to Commissioner to supplement the record and issue a new decision, could bar any subsequent effort by the Plaintiff to commence a new civil action seeking judicial review of the denial of benefits. Further, a sentence six remand would also be inappropriate in light of the filing of the Commissioner's answer (ECF No. 7).

Thus, without any clear statutory direction for such a circumstance as this, the undersigned directs the Commissioner to supplement or reconstruct the missing portion of the transcript, within a reasonable period of time, **not to exceed 60 days**. This matter will be administratively terminated pending the submission of the transcript of the entire record by the Commissioner.

Accordingly, The United States District Court Clerk is directed to administratively terminate this matter, to allow the Commissioner a reasonable period of time to locate or reconstruct the missing portion of the administrative record. Should the Commissioner be unable to supplement the record as directed, this Court will then entertain an appropriate motion to remand.

DATED this 17th day of February, 2016.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE